IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSE ADANMA DURU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-436-D-BN |
| | § | |
| U-HAUL CO. OF NORTHERN GEORGIA, ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate pursuant to 28 U.S.C. § 636(b) for screening. The undersigned enters the following findings of fact, conclusions of law, and recommendation.

**Background**

Plaintiff Rose Adanma Duru, who is proceeding *pro se* and has filed a motion to proceed *in forma pauperis*, *see* Dkt. No. 3, has filed a complaint against two corporate defendants identified with U-Haul and one individual identified as working at one U-Haul entity. *See generally* Dkt. No. 1. Plaintiff alleges that all three defendants breached a contract with her dated February 28, 2014 and committed fraud and theft ("seizure of Plaintiff's belongings without due process"). *See id.* at 2.

This complaint is substantially the same as the original petition that Plaintiff filed in the 162nd Judicial District Court of Dallas County, Texas, Cause No. DC-14-10058 on September 9, 2014, which was removed to this Court on October 8, 2014. *See*

-1-

*Duru v. Robert Bernard, et al.*, No. 3:14-cv-3629-B (N.D. Tex.), Dkt. No. 1. In both lawsuits, Plaintiff alleges that the defendants breached a February 28, 2014 contract regarding, and committed fraud related to, Plaintiff's property. *Compare* Dkt. No. 1, *with Duru v. Robert Bernard, et al.*, No. 3:14-cv-3629-B (N.D. Tex.), Dkt. No. 1-3 (state court petition).

## Legal Standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A plaintiff "generally [has] 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants.'" *Houston v. Caruso*, No. 2:08-cv-124, 2009 WL 579411, at *2 (W.D. Mich. Mar. 5, 2009) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)). "Accordingly, as part of its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit." *Id.* (collecting cases).

> The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation," *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183, 72 S. Ct. 219, 96 L. Ed. 200 (1952), and protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacobs*, 950 F.2d 89, 93 (2d Cir. 1991).

*Id.*

And "courts have held that an *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be dismissed under 28 U.S.C. § 1915(e)(2)(i) as frivolous or malicious." *Id.* (collecting cases, including *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir.1993)).

In *Pittman*, the United States Court of Appeals for the Fifth Circuit expanded to still-pending litigation its holding in *Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) – "that *in forma pauperis* complaints may be dismissed as frivolous if they seek to relitigate claims that allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the plaintiff." 980 F.2d at 994 (citing 878 F.2d at 849-50). "The [district] court here held that it is 'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff. We agree." *Id.* at 995.

## Analysis

Through her current complaint, Plaintiff is attempting to duplicate the allegations of another suit pending in this Court – in which the defendants have already moved for dismissal under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). *See See Duru v. Robert Bernard, et al.*, No. 3:14-cv-3629-B (N.D. Tex.), Dkt. Nos. 5-8. As such this lawsuit, No. 3:15-cv-436-D-BN, is duplicative and should be dismissed as malicious under 28 U.S.C. § 1915(e)(2)(B)(i).

This conclusion is not altered because Plaintiff adds a U-Haul entity to this lawsuit that she did not name in *Duru v. Robert Bernard, et al.*, No. 3:14-cv-3629-B

(N.D. Tex.). Her claims in both lawsuits are based on the same facts. *See, e.g., Johnson v. Hays County*, No. A-14-CA-834 LY, 2014 WL 5524144, at *5 (W.D. Tex. Oct. 31, 2014) ("A suit is duplicative when the same proof is needed to support the claims in both suits or, in other words, the facts essential to the second suit were present in the first suit." (citations omitted)); *Brown v. Texas Bd. of Nursing*, No. 3:13-cv-1004-P, 2013 WL 3227631, at *4 (N.D. Tex. June 26, 2013) ("As Judge Stickney explained to Plaintiff Yvonne Brown in a prior action, the inclusion of additional defendants and allegations to a common nucleus of operative fact does not prevent this case from summary dismissal, since the claims in this case remain essentially duplicative of those previously raised.").

## Recommendation

Plaintiff's duplicative complaint should be summarily dismissed as malicious under 28 U.S.C. § 1915(e)(2)(B).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 13, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE